THE PEOPLE OF THE STATE OF NEW YORK, *ex rel.* HENRY P. CLAUSEN, RESPONDENT, *v.* THE NEWBURGH & SHAWANGUNK PLANK ROAD COMPANY, JAMES G. GRAHAM AND OTHERS, APPELLANTS.

*Plank road companies—provisions for the extension of the term of their corporate existence—chapter* 611 *of* 1875, *chapter* 135 *of* 1876—*chapter* 187 *of* 1880.

In so far as chapter 611 of 1875, providing for the organization of business corporations, and authorizing them to extend their corporate existence, applied to plank road companies, it was repealed by chapter 135 of 1876, and after the passage of the latter act such companies could only extend the term of their corporate existence by taking the proceedings therein provided for.

Chapter 187 of 1880, amending chapter 611 of 1875, applied only to existing corporations, and not to such as had then ceased to exist.

APPEAL from an order made at Special Term, granting an order restraining defendants from maintaining toll-gates, or demanding and collecting tolls from persons traveling upon the road.

The above-named " Plank Road Company " was duly incorporated under the " General Act for the incorporation of Plank Road Companies," passed May 7, 1847, for a term of thirty years, expiring April 18, 1880. After such incorporation it duly built a plank road from Newburgh to the village of Shawangunk, in Ulster county, a distance of about thirteen miles, and established gates and collected the lawful tolls thereon, and continued so to do, and to work and to care for the said road (except a small portion which had been abandoned some years ago, near Shawangunk, by due legal proceedings), up to April 18, 1880, and up to the commencement of this action, about May 14, 1880.

An application made by the company to the board of supervisors, under chapter 135 of 1876, for leave to renew its corporate existence, was denied.

In March, 1880, the company commenced and claim to have completed the necessary proceedings for coming under and availing itself of the provisions of chapter 611 of Laws of 1875, entitled "An act to provide for the organization and regulation of certain business corporations."

The plaintiffs, on their part, claim in effect, that the consent of the board of supervisors is necessary to such extension. An action was brought by plaintiffs for a dissolution of the company and for a receiver. A motion for a preliminary injunction, restraining said company from the collection of tolls, &c., was made before Justice Barnard, upon their complaint, and at Special Term, an order was made by him thereon, May 29, 1880, granting such injunction

*James G. Graham*, for the plank road company, appellant.

*E. A. Brewster*, for the other appellants.

*Cassidy & Brown*, for the respondent.

Dykman, J.:

The defendant was incorporated April 18, 1850, by special act, with thirty years for a term of existence. It claims to exist now by proceedings taken on April 17, 1880, under chapter 611, Laws of 1875. If the act has no application we need not examine the regularity of the proceedings. Whatever they were, and however taken, they cannot effect their object. What force the law of 1875 had, when passed, need not be studied. If it applied to plank road companies, it was so far repealed by chapter 135, Laws of 1876. This law provided a method by which such companies, if about to expire by limitation of corporate existence, can renew their charter, to wit, by permissive resolution of the supervisors of the county ; and then proceeds section 5 : " The corporate existence of such plank road company shall not be extended except in accordance with this act." Chapter 253 of Laws of 1879, makes the law of 1876 applicable to Orange county.

It is claimed the words "such plank road company" in section 5 of the law of 1876, limit the operation of that law to a class of companies of which the defendant is not one. The law of 1876, by the terms of section 1, applies to any plank road company organized under the general act of 1847. This is the very class to which the defendant does belong. The act of May 6, 1880 (ch. 187), must be examined if it could apply to the defendant. It became a law May 6, 1880.

Section 1 begins: "Any existing corporation." To validate proceedings taken April 17, 1880, to extend a corporate existence, which, without them, would expire April 18, 1880, a retroactive effect must be given this statute. There are no express words of retrospection. Is there a certain unequivocal intent that this law should so operate? (*Dash* v. *Van Kleeck*, 7 Johns., 499, per KENT, J.) It begins: "Any existing corporation." The defendant expired by limitation, April 18. Its powers were not simply in abeyance; the corporation was extinct.

If it be possible to spell from the words of the statute a retroactive intent, we think this intent is limited by the words "existing corporations," to a class of which the defendant is not one. We conclude therefore that the defendant could renew its charter only under the law of 1876. This it did not do, and on April 19 1880, was extinct.

Whatever be the status of its right of way or of the real estate acquired in fee, its franchise was gone—its franchise to collect tolls. Whether aptly worded or not, the order in effect restrains the exercise of this franchise, and does no more.

The order should be affirmed, with costs and disbursements.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Order granting injunction affirmed, with costs, and disbursements.